# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAQUELINE OLIVIERA,
JOSE REBOUCAS, JOSE SOARES,
and JOSE SOARES SEGUNDO,

                Plaintiffs,

-vs-                                                Case No. 6:08-cv-2076-Orl-28GJK

RELIABLE PERSONNEL SERVICES, INC.,
CONDADO MOTORS ORLANDO, INC.,
E-Z RENT A CAR, INC., RALPH JAMES, and
MEHRDAD MEMARPOURI,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion and referral:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 41)** |
| **FILED:** | May 21, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

    Plaintiffs Jaqueline Oliviera, Jose Reboucas, Jose Soares, and Jose Soares Segundo (collectively, the "Plaintiffs") and Defendants Reliable Personnel Services, Inc. ("Reliable"), Condado Motors Orlando, Inc. ("Condado"), E-Z Rent A Car, Inc. ("E-Z"), Ralph James, and Mehrdad Memarpouri (collectively, the "Defendants") jointly move the Court to approve their

settlement agreement (the "Agreement") of Plaintiffs claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice (the "Motion"). Doc. Nos. 41, 41-2. On April 15, 2009, the undersigned held a settlement conference between all parties and their counsel. *See* Doc. 40. At the settlement conference, the parties were able to reach the general terms of settlement reflected in the Agreement.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

See *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

> determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id*. Thus, the party seeking approval of a proposed settlement in an FLSA case must provide sufficient information for the Court to assess the reasonableness of any fees to be paid to plaintiff's counsel.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 19-22, 41, 41-2. Each party was represented by independent counsel who were obligated to vigorously represent their clients. *Id*. The parties agreed to settle Plaintiffs' claims in exchange for a release of all claims for a total sum of $20,000.00, of which Oliviera will receive $1,125.00 for unpaid overtime wages and liquidated damages, Reboucas will receive $6,194.00 for unpaid overtime wages and liquidated damages, Soares will receive $5,240.00 for unpaid overtime wages and liquidated damages, Segundo will receive $1,441.00 for unpaid overtime wages and liquidated damages, and Plaintiffs' counsel will receive $6,000.00 for attorneys' fees and costs. Doc. Nos. 41-2 at ¶ B.[2] On January 30, 2009, Plaintiffs filed their Answers to the Court's Interrogatories claiming the following damages: $12,864.00 on behalf of Oliviera for unpaid overtime wages, including liquidated damages; $21,060.00 on behalf of Reboucas for unpaid overtime wages, including liquidated damages; $20,100.00 on behalf of Soares for unpaid overtime wages, including liquidated damages; $7,236.00 on behalf of Segundo for unpaid overtime wages, including liquidated damages. Doc. Nos. 19-22. In the Motion, Plaintiffs state that after receiving Defendants' Verified Summaries (Doc. No. 26), each of the Plaintiffs revised his/her damages estimate. Doc. No. 41 at 4. Plaintiffs agreed to further

---

[2] In Plaintiffs' counsel's sworn declaration, he states that the $6,000.00 in attorneys' fees and costs represents $5,450.00 in attorneys' fees and $550.00 in costs. Doc. No. 41-3 at ¶ 2.

reduce their damages based on portions of their claims which fell outside the statute of limitations. *Id*. Plaintiffs also state that they agreed to compromise their claims after considering the Defendants' financial state and their own financial needs. *Id*.[3]

Plaintiffs' counsel's affidavit provides the precise final distribution of all settlement funds and a detailed time sheet showing all hours expended on the case and the person who performed the work. Doc. No. 41-3. In his affidavit, Plaintiff's counsel states:

> The Parties have reached a settlement in this case for a total of $20,000.00. The Plaintiffs will receive a total of $14,000.00. Plaintiffs' counsel will receive $5,450[.00] in legal fees and $550.00 in costs. This will be the final distribution. Plaintiffs' recovery **has not and will not be reduced or diminished** by the portion allocated to attorney's fees and costs and is not the result of any contingency fee. In other words, Plaintiffs' counsel is not seeking any percentage or portion of Plaintiffs' recovery and attorney's fees in this matter do not diminish Plaintiffs' recovery.

Doc. No. 41-3 at ¶2 (emphasis in the original). In his affidavit, counsel states that he expended 25.8 hours of time on the case at a requested rate of $250.00 per hour. Doc. No. 41-3 at ¶¶ 5, 8. Two paralegals expended 2.6 hours of time on the case at a requested rate of $95.00 per hour, and a third paralegal expended 9.1 hours of time on the case at a requested rate of $105.00 per hour. *Id*. at ¶¶ 6-8. In his affidavit, counsel states he has accumulated a total of $7,652.50 in attorneys' fees and $562.69 in costs in this case. *Id*. at ¶¶ 8-10.

In a similar FLSA case within the Middle District of Florida, undersigned has previously recommended that a reasonable hourly rate for Plaintiffs' counsel, Carlos V. Leach, Esq., is $250.00 per hour. *See Steinhauser v. Electrical Energy Systems, Inc.*, Case No. 6:08-cv-1518-Orl-35GJK, Doc. No. 26 (M.D. Fla. May 6, 2009). The undersigned recommends that the Court

---

[3] As per the Agreement, Reliable will be paying the settlement proceeds to Plaintiffs and Plaintiffs' counsel. Doc. No. 41-2 at ¶ 2.

find the reduced attorneys' fees award and costs reflected in the Agreement are reasonable. The undersigned recommends that the Court find the proposed Agreement to be fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. **GRANT** the Motion (Doc. No. 41) only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case;

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 26, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record.